REDMANN, Judge.
Plaintiff appeals from the dismissal of his workmen’s compensation claim. The issue is whether his present back disability was caused by an earlier back strain at work. We are unable to say the trial judge erred in concluding it was not.
Plaintiff fairly proved that he had an accident at work on October 15, 1973. A fellow employer testified of seeing him “bent over, white as a sheet.” From work he was sent by defendant employer to a doctor who found muscle spasms that lasted two weeks (though plaintiff continued to work, on light duty). Plaintiff’s complaints at that time included numbness down the left leg. That first doctor, however, discharged plaintiff after four weeks, when plaintiff was experiencing no more pain except after six to eight hours of work.
Plaintiff’s employment with defendant terminated in March 1974 (for unrelated reasons). Plaintiff worked brief periods with other employers thereafter. He testifies that he suffered pain at work and even had to quit work because of pain. On July 22, 1974, he saw an orthopedist who then found objective symptoms and who in November 1974 (after plaintiff had an “acute exacerbation of pain” at work in September or October) diagnosed a ruptured intervertebral disc which disables plaintiff.
Perhaps a trial judge could have inferred that the back injury causing left leg numbness was more than muscle spasm; that the injury continued past November 1973 despite plaintiff’s discharge by the first doctor before all pain was gone; that the injury was obscured by plaintiff’s light duty until his discharge in March 1974; that the heavier-duty work thereafter was more than the injured back could tolerate and the injury thereupon manifested itself at first by pain and finally by the “acute exacerbation” which led to myelogram and disc diagnosis.
On the other hand, our trial judge— presumably considering, in addition to a basic credibility evaluation, the period of time after the first doctor’s discharge during which plaintiff did not see another doctor, the first doctor’s testimony that spinal muscle spasm (rather than disc disease) could have caused the left leg *646 numbness, plaintiff’s own testimony that (prior to the accident) he engaged in street fights, and the intervening other employments — drew the not unreasonable inference that the October 1973 incident did not cause the October 1974 disability.
In the appellate courts, “reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.” Canter v. Koehring Co., La.1973, 283 So.2d 716, 724.
Affirmed.